NUMBER 13-04-00267-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

ANNA KRAMER,                                                                               Appellant,

 

                                                             v.

 

IRIS KRAMER,                                                                                   Appellee.

 

                                                                                                                      


    On appeal from the 267th District Court of Jackson County,
Texas.

 

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 

This is an appeal from the trial court=s order granting sanctions against appellant, Anna
Kramer.  By a single issue, appellant
complains the trial court abused its discretion in granting sanctions against
her.  We affirm.








Appellant filed an Original Petition for Divorce as
next friend of her son, Nicky Kramer.[1]  Appellant later non-suited the divorce.  A hearing was subsequently held on a motion
for sanctions filed by appellee, Iris Kramer.[2]  In the motion for sanctions, appellee stated:

Neither Anna Kramer nor her attorneys can show this
court any authority for their alleged representation of Nicky Kramer in this
action.  As both parties have pled and
presumably agree, Nicky Kramer is incompetent to make decisions for himself and
is in a full-time care facility.  His
guardian and wife is Iris Kramer, the Respondent in this case.

 

                                                          *
* * * * * *

 

Petitioner Anna Kramer and her attorneys have no
basis in law or fact and there is not one warranted by a good faith argument
for the extension, modification or reversal of existing law as to why the
Petitioner should be able to bring this cause of action for divorce on behalf
of Nicky Kramer.  Further Respondent
would argue that this groundless pleading was brought in bad faith and for the
purpose of harassment.  There can be no
other reason for bringing this cause of action other than bad faith and
harassment.  The Petitioner can cite the
court no case law or statutory authority for his [sic] representation of Nicky
Kramer when a legal guardian currently exists for Nicky Kramer.

 

The trial court granted the motion, finding that
appellant=s divorce petition was brought without any basis in
fact and law, in bad faith, and for the sole purpose of harassment.  Appellee was granted sanctions under rule 13
of the Texas Rules of Civil Procedure and section 10.001(1) of the Texas Civil
Practice and Remedies Code.  See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem.
Code Ann. ' 10.001 (Vernon
2002).  Appellant was ordered to pay sanctions in the
amount of $5,000 for appellee=s attorney=s fees.








Chapter 10 of the Texas Civil Practice and Remedies
Code authorizes a trial court to impose sanctions upon a person, a party
represented by the person, or both, for advancing frivolous pleadings or
motions.  Tex. Civ. Prac. & Rem. Code Ann. '' 10.001(1), 10.004(a) (Vernon 2002).  Section 10.001(1) provides as follows:

The signing of a pleading or motion as required by
the Texas Rules of Civil Procedure constitutes a certificate by the signatory
that to the signatory's best knowledge, information, and belief, formed after
reasonable inquiry:

 

(1)       the pleading or motion is not being
presented for any improper purpose, including to harass or to cause unnecessary
delay or needless increase in the cost of litigation;

 (2)      each
claim, defense, or other legal contention in the pleading or motion is
warranted by existing law or by a nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law;

 

(3)       each allegation or other factual contention in the pleading or
motion has evidentiary support, or, for a specifically identified allegation or
factual contention, is likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

 

(4)       each denial in the pleading or motion of a factual contention
is warranted on the evidence or, for a specifically identified denial, is
reasonably based on a lack of information or belief.

 

Tex. Civ. Prac. & Rem.
Code Ann. ' 10.001 (Vernon 2002).  In the order awarding sanctions, the trial
court made the following findings:

1.         Petitioner Anna Kramer knew that Iris Kramer was the Court
appointed legal guardian of the person and estate of Nicky Kramer and that the
Guardian and Ward were represented by counsel. . . .

 

2.         Without any basis in fact or law, in bad faith, and for the
sole purpose of harassment, Anna Kramer, by and through Anna Kramer=s attorney Matthew Diamond, filed a divorce petition
naming Nicky Kramer as the petitioner through his purported next friend Anna
Kramer in the District Court of Jackson County.

 








Imposing an available sanction is left to the sound
discretion of the trial court.  Koslow=s v. Mackie,
796 S.W.2d 700, 704 (Tex. 1990).  We
review the trial court=s actions under an abuse of discretion
standard.  Home Owners Funding Corp.
of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.BCorpus Christi 1991, no writ).  The test for determining whether the trial
court abused its discretion is whether it acted without reference to any
guiding rules and principles; in other words, whether the act was arbitrary or
unreasonable.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

The probate code establishes that a guardian has the
right Ato bring and defend suits by or against the ward.@  See Tex. Prob. Code Ann. ' 768 (Vernon Supp. 2004-05).  Because appellee is the named guardian of the
person and estate of Nicky Kramer, appellant had no basis in law to bring a
suit on behalf of Nicky Kramer. 
Therefore, we conclude the trial court did not abuse its discretion in
awarding sanctions against appellant. 

Because we have concluded that sanctions were
properly granted under chapter 10 of the civil practice and remedies code, it
is unnecessary to address the appropriateness of the trial court=s sanctions under rule 13 of the rules of civil
procedure.  See Tex. R. App. P. 47.1.  Appellant=s sole
issue is overruled.

We affirm the trial court=s order granting sanctions against appellant.

 

FEDERICO G. HINOJOSA

Justice

 

Memorandum
Opinion delivered and filed this

the
30th day of August, 2005.











[1]
Nicky Kramer was deemed
mentally incompetent as a result of injuries sustained in an automobile
accident, and appellee, his wife, Iris Kramer, was appointed guardian of his
person and estate. 





[2]
Appellant is appellee=s mother-in-law.